IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ELIZABETH A. PEPITONE, Personal Representative for the Estate of Christopher P. Sweetman,<br><br>Plaintiff,<br><br>vs.<br><br>GINO LOLLIO, D-TRANS LLC, and HARCROS CHEMICALS, INC,<br><br>Defendants. | 8:23CV498<br><br>**MEMORANUM AND ORDER** |

This matter comes before the Court on Defendants' unopposed motion to transfer venue. Filing No. 9. The parties agree that transfer is appropriate because neither of the Defendants have minimum contacts with Nebraska and the events giving rise to the lawsuit took place in Harrison County, Iowa. Filing No. 9 at 1. Accordingly, Defendants move the Court "to transfer this action to the United States District Court of Iowa." Filing No. 9 at 2. The Court grants the motion as construed herein.

28 U.S.C. § 1404(a) provides that even where venue is appropriate, a district court may transfer any civil action to any other district or division where it might have been brought, "[f]or the convenience of the parties and witnesses" or "in the interest of justice." 28 U.S.C. § 1404(a). The statutory language reveals three general categories of factors that courts must consider when deciding a motion to transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interest of justice. *Terra Intern., Inc. v. Miss. Chem. Corp.,* 119 F.3d 688, 691 (8th Cir. 1997). A district court is not, however, limited to these enumerated factors in assessing a transfer motion. *Id.* "Such determinations require a case-by-case evaluation of the particular circumstances at hand

and a consideration of all relevant factors." *Id.* There is no exhaustive list of specific factors to consider. *Id.* Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an "individualized, case-by-case consideration of convenience and fairness." *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964).

However, before reaching the question of transfer, it appears venue may be improper in this Court. A civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). None of these prongs appear to be met according to the facts set forth in Plaintiff's complaint and the motion to transfer. Nevertheless, where venue is improper, the Court is permitted to either dismiss or transfer the case. *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 56 (2013). Specifically, 28 U.S.C. § 1406(a) permits a court of improper venue to "transfer such case to any district or division in which it could have been brought." Thus § 1406(a) supports transfer of this case.

The Court finds that 28 U.S.C. § 1404, the basis for Defendant's motion to transfer, also supports transfer in this case. The parties agree that the proposed transfer will serve the convenience of the parties and the potential witnesses in this case. Filing No. 9 at 1.

The Court agrees with those factors and finds that the interest of justice will be served by transfer.

However, Defendants seek to transfer the case to the "District of Iowa," a district which does not exist. Defendants represent that the events giving rise to this case took place in Harrison County, Iowa, which is located within the Southern District of Iowa. Filing No. 1 at 2; Filing No. 9 at 1. Defendants are both Florida companies, and there is no other reference to or connection to a judicial district in Iowa other than the reference to Harrison County within the Southern District. Filing No. 1 at 1. Thus, the Court construes Defendants' request as a motion to transfer to the Southern District of Iowa and finds the request should be granted pursuant to 28 U.S.C. § 1404 and 28 U.S.C. § 1406.

IT IS ORDERED:

1. Defendants' unopposed motion to transfer, Filing No. 9, is granted.
2. The Clerk of the Court is directed to transfer this case to the United States District Court for the Southern District of Iowa.

Dated this 1st day of December, 2023.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge